John W. Mee III
Oklahoma State Bar Number 013915
MEE MEE HOGE & EPPERSON PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, Oklahoma  73118
Telephone:   (405) 848-9100
Facsimile:    (405) 848-9101
jwm3@meehoge.com

AND

Pamela Arnold Bassel
State Bar Number 01344800
BASSEL & WILCOX, P.L.L.C.
P.O. Box 11509
Fort Worth, Texas 76110-0509
Telephone: (817) 870-1140
Facsimile:  (817) 870-1181
pbasselndtx@basselwilcox.com

ATTORNEYS FOR JPMORGAN CHASE
BANK, N.A.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE:    CARMEN ADRIANA | § | |
| DE LA TORRE, | § | |
| Debtor. | § | Case No. 08-36278-hdh-13 |

**OBJECTION TO CHAPTER 13 PLAN**

COMES NOW secured creditor, JPMorgan Chase Bank, N.A. (hereafter "Bank"), and hereby objects to Debtor's Chapter 13 Plan.  In support of its objection, Bank shows the Court:

1.    Debtor's Chapter 13 Plan provides Bank a scheduled amount of $12,286.22 with a value of $10,250.00 at 0.0%, with treatment of Pro-Rata, on Bank's collateral, a 2003 Chevrolet Suburban, Vehicle Identification Number 3GNEC16ZX3G148320.

2. At the time Debtor's case was filed, Bank was actually owed $12,769.50 at the contract interest rate of 21.0% per annum, until paid. Bank filed its Proof of Claim in the amount of $12,769.50.

3. Section 1325(a) provides that no "cram down" is allowed for purchase money security interests in motor vehicles purchased within 910 days of the bankruptcy petition. The subject vehicle was purchased July 1, 2006. Therefore, no "cram down" is permitted, and Bank should have an allowed claim for the entire amount it is owed set forth above, with interest at either the contract rate or the rate of prime plus a risk factor pursuant to *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S.Ct., 1951, 158 L. Ed. 2d 787,51 C.B.C.2d, 643 (2004).

4. Debtor proposes "pro-rata" payments, However, Bank is entitled to set and equal monthly payments pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(I), beginning with the first disbursement made by the Trustee post-confirmation to any entity.

WHEREFORE, PREMISES CONSIDERED, Bank prays for an Order of this Court:

1. denying confirmation of Debtor's Chapter 13 Plan as proposed; and

2. for such other and further relief, both general and specific, to which Bank may show itself justly entitled.

/s/ John W. Mee III (Dated: January 13, 2009)
JOHN W. MEE III, OBA# 013915
MEE MEE HOGE & EPPERSON PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
Telephone:  (405) 848-9100
Facsimile:  (405) 848-9101
ATTORNEYS FOR JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that prior to the filing of this Objection, I did the following:

1.   Attempted to confer with Debtor's counsel pursuant to District Court Local Rule 7.1(a) and N.D. TX L.B.R. 9014.1(c)(1).

2.   No return call has been received by the same time on the second business day after such communication.

/s/ John W, Mee III (Date: January 13, 2009)
John W. Mee III

## CERTIFICATE OF SERVICE

On this 13th day of January, 2009, a true and correct copy of the foregoing was served electronically on participants in the CM/ECF system and was mailed by First Class U.S. Mail, postage prepaid, to the following:

DEBTOR:
Carmen Adriana De La Torre
101 Sunbird Lane
Sunnyvale, TX  75182

DEBTOR'S ATTORNEY:
Areya Holder, Esq.
Law Office of Areya Holder, P.C.
800 W. Airport Freeway, Suite 540
Irving, TX  75062

and by ELECTRONIC CASE FILING on:

TRUSTEE:
Thomas Dwain Powers, Trustee
125 E. John Carpenter Frwy, Suite 1100
Irving, TX  75062-2288

Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, Texas  75242-1011

/s/ John W. Mee III (Date: January 13, 2009)
JOHN W. MEE III